**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Neal Ray,<br><br>　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　Respondents. | No. CV-23-00274-TUC-RCC<br><br>**ORDER** |

On May 28, 2025, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Marshal Neal Ray's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("§ 2254 Petition" or "§ 2254"). (Doc. 12.) The Court has reviewed the Petition (Doc. 1), Respondents' Limited Response (Doc. 11), the Magistrate's R&R (Doc. 12), Petitioner's Objection (Doc. 23), and Respondents' Response (Doc. 24). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Petition.

**I.　STANDARD OF REVIEW: REPORT AND RECOMMENDATION**

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects; where there is no objection to a magistrate judge's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte*, or at the request of a party, under *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

In addition, arguments raised for the first time in an objection need not be reviewed. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court may, but is not required to, consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation.").

There being no objection to the procedural summary of this case, the Court adopts the Magistrate Judge's recitation of the facts and only summarizes them as necessary to address Petitioner's objections.

## II.    MAGISTRATE'S R&R

The Magistrate Judge's R&R first concluded that Petitioner's § 2254 Petition was time-barred. (Doc. 12 at 3, 6.) Under Arizona law, a petitioner has 30 days after the Arizona Court of Appeals enters its decision to file a petition for review in the Arizona Supreme Court. Ariz. R. Crim. P. 31.21(b)(2)(A). Alternatively, if the petitioner timely files a motion for reconsideration, then the petitioner would have 15 days after the motion's final disposition to file a petition for review. *Id.* A motion for reconsideration is timely when it is filed within 15 days of the court of appeals decision. Ariz. Crim. P. 31.20(c). Therefore, the Magistrate determined that Petitioner had 30 days after the Arizona Court of Appeals decision on February 6, 2018, to file his Petition for Review in the Arizona Supreme Court. (Doc. 12. at 3.) Alternatively, Petitioner had 15 days to file a Motion for Reconsideration in the Arizona Court of Appeals. (*Id.*) This means Petitioner could have filed a timely (1) Petition for Review by March 8, 2018, or (2) Motion for Reconsideration by February 21, 2018. (*See id.*) However, Petitioner filed a Motion for Reconsideration on March 19, 2018. (*Id.*) The Magistrate found that because Petitioner's Motion for Reconsideration was untimely, it did not suspend the deadline for Petitioner to file his Petition for Review. (*Id.*) Therefore, Petitioner should have filed his Petition for Review in the Arizona Supreme

Court on March 8, 2018 (*Id.*) But, Petitioner did not file a Petition for Review until March 29, 2018. (*Id.* at 2.) The Magistrate found that even though the Arizona Supreme Court denied the Petition for Review without discussion, it did not reopen a direct review or suggest that the Petition for Review was timely. (*Id.* (first citing *Valdez v. Montgomery*, 918 F.3d 687, 692 (9th Cir. 2019); then citing *Evans v. Chavis,* 546 U.S. 189, 197 (2006)).) The Magistrate then concluded that the judgement against Petitioner became final, and the statute of limitations began to run on March 9, 2018. (*Id.* at 3, 5 (citations omitted).) Petitioner then filed his Notice of Post-Conviction Relief ("PCR Notice") on August 6, 2018. (*Id.* at 5.) By then, 150 days of the statute of limitations period had expired. (*Id.*) The Magistrate found that Petitioner's PCR Notice tolled the statute of limitations period until June 13, 2022, when the Arizona Supreme Court denied review. (*Id.*) The statute of limitations began to run again on June 14, 2022. (*Id.*) Thereafter, the Magistrate calculated that Petitioner had 215 days—until January 15, 2023—to file his § 2254 Petition. (*Id.* at 6.) The Magistrate noted that Petitioner waited until June 13, 2023, to file the instant § 2254, six months after the statute of limitations had already expired.[1] (*Id.*)

Second, the Magistrate concluded that equitable tolling would not apply to Petitioner's claims because he did not argue he was entitled to equitable tolling for this § 2254 Petition, despite being represented by counsel. (*Id.*) The Magistrate found that Petitioner did not contend that he could establish his right to equitable tolling and only cursorily asserted that his § 2254 Petition was timely filed. (*Id.* (citations omitted)). The Magistrate stated that because Petitioner's Motion for Reconsideration was untimely filed, he had reason to know that his Petition for Review was also untimely. (*Id.*) Petitioner had 215 days remaining to file his §2254 Petition but had waited a full 365 days to file instead (*Id.*) The Magistrate also pointed out that Petitioner was represented by the same counsel who had represented him during his PCR proceedings, and so equitable tolling would not apply to counsel's calculation error. (*Id.* (*citing Lawrence v. Virginia*, 549 U.S. 327, 336–

---

[1] The Court believes this calculation was a scrivener's error, the time between the statute of limitations deadline, on January 15, 2023, and the filing of the § 2254, on June 13, 2023, equals approximately five months.

- 3 -

37 (2007).) The R&R also found that Petitioner did not establish or attempt to establish that filing his § 2254 Petition was impossible, nor did he establish that he had diligently pursued his rights, or that an extraordinary circumstance prevented him from timely filing his § 2254. (*Id.* at 6–7.)

### III.   PETITIONER'S OBJECTIONS

Petitioner's objection to the R&R does not dispute that his § 2254 Petition was untimely, but claims that the R&R failed to meaningfully apply the equitable tolling requirements to Petitioner's case. (Doc. 23.) Petitioner claims he was diligent but mistakenly believed as he proceeded pro se that his § 2254 was timely. (*Id.* at 3–6.) Because he was proceeding pro se and was not knowledgeable in the law, Petitioner asserts that his miscalculation was an extraordinary circumstance that prevented him from timely filing. (*Id.* at 3–6.)

Petitioner then claims that the R&R did not consider an alternative "trigger date" under 28 U.S.C. § 2244(d)(1)(D). Under § 2244(d)(1)(D), the statute of limitations begins to run on the day a claimant could have discovered the factual predicate of the claim though due diligence. Petitioner claims that because there was a change in Arizona law that he could not have known about before the date the law changed. (*Id.* at 6–8.) Petitioner also argues that the Court should consider the merits of Petitioner's equitable tolling argument because there was a 20-month delay between his filing of the § 2254 and the R&R being issued. (*Id.* at 8.) Finally, Petitioner believes he has raised a debatable issue as to equitable tolling and argues that a Certificate of Appealability ("COA") should issue. (*Id.* at 9.)

### IV.   TIMELINESS

Petitioner's § 2254 was filed in 2023, therefore it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2). A petitioner must file a § 2254 habeas petition within one year of when his conviction becomes final. *Id.* § 2244(d)(1)(A).

The one-year time period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]

. . . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Both parties agree that Petitioner's § 2254 Petition is untimely. (*See* Doc. 23 at 3; Doc. 24 at 1.) The question then, is whether, despite the untimeliness of this § 2254 Petition, equitable tolling would apply to any of Petitioner's claims.

**V.   EQUITABLE TOLLING**

A petitioner bears the burden of showing that equitable tolling is proper. *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). The time for filing a habeas petition is tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether the petitioner is entitled to equitable tolling under AEDPA "will depend on a fact-specific inquiry by the habeas court which may be guided by decisions made in other similar cases." *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citation and quotation marks omitted). The petitioner must show diligence to "verify that it was the extraordinary circumstance, *as opposed to some act of the petitioner's own doing*, which caused the failure to timely file." *Id.* at 1012 (emphasis added).

The second prong of the test "requires courts to evaluate a petitioner's diligence in all time periods—before, during, and after the existence of an extraordinary circumstance—to determine whether the extraordinary circumstance actually did prevent timely filing." *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (citation and quotation marks omitted). This second prong acts as a "causation requirement" for the first. *Id*. Such "extraordinary circumstance" suggests that an "external force must cause the untimeliness, rather than . . . merely 'oversight, miscalculation, or negligence on [the petitioner's] part,

- 5 -

all of which would preclude the application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). This is a very high bar and is reserved for rare cases. *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014), *cert. denied sub nom.*, *Yoh Ming Yeh v. Biter*, 135 S. Ct. 486 (2014).

The fact a petitioner is pro se is not considered an exceptional circumstance. *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that "proceeding pro se is not a rare and exceptional circumstance because it is typical of those bringing a § 2254 claim.") (quotation marks and citation omitted). Moreover, "ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling." *Raspberry*, 448 F.3d at 1154.

Petitioner argues the Magistrate Judge erred in finding that his claims were not subject to equitable tolling. (Doc. 23 at 3–6.) Petitioner believes equitable tolling applies because he diligently pursued his claims pro se. (*Id.*) He argues that his miscalculations of the deadline present an extraordinary circumstance permitting tolling. (*Id.*)

    a.    Diligence

Here, Petitioner's § 2254 Petition does not address equitable tolling, and Petitioner only argues for equitable tolling in his objection to the R&R. (*Id.* at 2.) A district judge need not conduct a de novo review of arguments never raised before the magistrate judge and could deny the § 2254 based on this failure alone. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). In fact, Petitioner pro se and through counsel stated that his § 2254 Petition had been "timely filed." (Doc. 1 at 11.) It was Respondents, in anticipation of Petitioner filing a reply, who brought up equitable tolling in their Limited Answer. (Doc. 11 at 16.) Petitioner had adequate notice and an ability to argue for tolling. Therefore, the Court finds Petitioner did not diligently pursue this argument and therefore is not entitled to equitable tolling. *See Howell*, 231 F.3d at 621.

   b. *Extraordinary Circumstance*

Even if the Court did not consider the equitable tolling argument waived, it would not apply in this case. Petitioner being "pro se" during the beginning of his petition process is not an extraordinary circumstance. *See Robinson*, 588 F.3d at 1217. Petitioner does not make any claim or give any reason as to why he delayed contacting current counsel to represent him until May 2023—approximately 12 months after the conclusion of his PCR proceedings. (*See* Doc. 23 at 4.) In fact, Petitioner could have timely filed his habeas petition pro se and then amended it with counsel later. *See Waldron-Ramsey,* 556 F.3d at 1014 (holding that "if diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . ."). Petitioner has conceded that he believed that the statute of limitations period "restarted with a full year" after the conclusion of his PCR proceedings. (Doc. 23 at 3.) Petitioner did not provide any information as to whether he had checked how much time he had left to file—either with his attorney, or anyone else who could give him that information. Petitioner's lack of legal sophistication is still not an extraordinary circumstance that prevented him from timely filing his § 2254 Petition.

  Petitioner argues that the R&R's reliance on *Lawrence v. Virginia* is misplaced because unlike the petitioner in *Lawrence*, Petitioner was unrepresented during the "critical period" when the AEDPA deadline had expired, and was unrepresented until May 2023, with counsel filing this § 2254 Petition on June 13, 2023. (Doc. 23 at 5). In *Lawrence*, the petitioner filed a writ of certiorari with the United States Supreme Court to appeal his murder conviction. 549 U.S. at 330. While the petition was pending, the petitioner had filed for federal habeas relief after he had exhausted all state remedies. *Id.* at 331. One of his arguments was that he was entitled to equitable tolling because his attorney had miscalculated the statute of limitations period. *Id.* at 336–37. Here, the use of *Lawrence* in the R&R was not used in relation to the time in which Petitioner was pro se, but when he was represented. Petitioner was pro se during the beginning stages of the creation of the § 2254 Petition and when the statute of limitations had expired. However, he had counsel during his PCR proceeding and when his § 2254 was ultimately filed. (*See* Doc. 1.) An

attorney erring in calculating the limitations period does not warrant equitable tolling. *Lawrence,* 549 U.S. at 336–37 (2007).

Petitioner then argues that he meets the second prong of the equitable tolling test because he was a pro se inmate with no legal training or "access to legal counsel during the crucial post-PCR period." (Doc. 23 at 5.) Again, Petitioner being pro se is not an extraordinary circumstance. The extraordinary circumstance required under this prong must make it impossible for the petitioner to timely file. Petitioner provides no evidence that he was unable to file his § 2254 Petition before the statute of limitations expired. Again, Petitioner does not argue nor claim that he did not have access to legal assistance. Nothing extraordinary occurred that prevented Petitioner from seeking current counsel's assistance in filing a timely pro se § 2254 habeas petition. *See Raspberry,* 448 F.3d at 1154.

Therefore, because Petitioner was not diligent in the pursuit of his rights and no extraordinary circumstances existed to prevent him from timely filing his § 2254 Petition, equitable tolling would not apply.

## VI. DATE FACTUAL PREDICATE COULD HAVE BEEN DISCOVERED

Under 28 U.S.C. § 2244(d)(1)(D), the 1-year statute of limitation runs from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence." While the AEDPA does not define what "factual predicate" means, many jurisdictions believe that it is any "vital facts" that could not have been known. *See McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) (citation omitted); *Ayers v. Ohio Dep't of Rehab. and Corr.*, 113 F.4th 665, 670 (6th Cir. 2024) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)).

The change or clarification of a state law does not qualify as factual predicate. *Shannon v. Newland,* 410 F.3d 1083, 1088 (9th Cir. 2005). In *Shannon*, the petitioner argued that the California Supreme Court decision that clarified the standard for voluntary manslaughter triggered a new one-year statute of limitations because it supplied the "factual predicate" for his claim. *Id.* at 1086, 1088. The Ninth Circuit held that if a change or clarification of state law by state court in a case in which the petitioner was not a party is qualified as "factual," then the term factual would be meaningless. *Id.* at 5.

The court based it's finding on *Johnson v. United States,* 544 U.S. 295, 125 (2005). In *Johnson*, the petitioner's federal prison sentence had been enhanced due to his previous state convictions. *Id.* at 1222. Petitioner argued that a new one-year limitation would apply because one of his state convictions was vacated by state court. *Id.* The Supreme Court held that the state court's order vacating the petitioner's state conviction qualified as "fact" because it related to his own case. *Id.*

Here, Petitioner brings claims related to the passing of HB2283 in 2018 in his § 2254 Petition. (*See* Doc. 1 at 3; Doc. 23 at 6.) The bill amended the definition of "sexual contact" under A.R.S. §13-1401(A)(3) and repealed 13-1407(E), which Petitioner argues eliminated a "statutory scheme that had previously allowed the State to avoid proving sexual motivation as an element of child molestation. . ." (*Id.*) The bill was passed and came into effect August 2018, two years after Petitioner was sentenced, and Petitioner filed his PCR Notice in March 2019. (*Id.* at 6–7.) Petitioner thus claims that the timeline shows that these claims did not exist at the time of Petitioner's trial, sentencing, or appeal. (*Id.*) While Petitioner does make arguments related to HB2283 in his § 2254 Petition, his argument that § 2244(d)(1)(D) should be analyzed has not been brought up until his objection to the R&R. (*See* Doc. 1 at 3; *see also* Doc. 11 at 13.) The Court, therefore, does not have to review this argument. *See Howell*, 231 F.3d at 621.

Even if Petitioner had made this tolling argument in his § 2254 Petition, it would not apply in this case. As noted in *Shannon*, a change in state law that is not directly applied to a petitioner's case is not considered a "fact" that could not have been discovered earlier because it "is not subject to proof or disproof like any other factual issue." 410 F.3d at 1089 (citation and quotation marks omitted). Petitioner argues that "claims that rely on newly available legal foundation may qualify for delayed accrual when the petitioner could not have discovered the legal basis earlier through reasonable diligence." (Doc. 23 at 8, citing *Shannon*, 410 F.3d at 1089–90). However, that is incorrect. The legal foundation must be specifically related to the petitioner's case itself. *See Shannon*, 410 F.3d at 1088 (noting that a state court decision may constitute a factual predicate when the change "was a decision in the petitioner's own case." (quotations omitted)). The changes made to the

definition of sexual contact were made through legislative decisions. (*See* Doc. 23 at 8.) Unlike the petitioner in *Johnson*, the change here was not directly related to Petitioner's sentencing, but a change in the law in general. Petitioner offers no evidence that the decision was related to or originating from his original conviction. Much like the petitioner in *Shannon*, Petitioner's legal status had not changed simply because of the change of the law. Therefore, no alternative trigger date would have applied.

Even if the Court could make it this far in its analysis, any change in the law would have to be applied retroactively for the Court to consider Petitioner's claims. However, the Arizona Court of Appeals opinion regarding Petitioner's PCR appeal held that "absent a clear statement of retroactivity, a newly enacted substantive law only applies prospectively." (Exhibit OO, Doc. 11-1 at 998, ¶ 9.) Moreover, HB2283 contained no statement of retroactivity. (*Id.* at ¶ 10.) Federal Courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgement." *Coleman v. Thompson*, 501 U.S. 722, 728 (1991). This is true whether the state law basis is substantive or procedural. *Id.* A procedural rule that is "firmly established and regularly followed" will usually "be adequate to foreclose review of a federal claim." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Review is prohibited in such instances because the federal courts have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgement and would therefore be advisory." *Coleman*, 501 U.S. at 728. The Arizona Court of Appeals had already decided that the change to the definition of sexual contact was not intended to be retroactive. (Exhibit OO, Doc. 11, at 4, ¶ 9). Because the Court of Appeals decision denied Petitioner's claim on adequate and independent state grounds and demonstrates that the legal change does not change a "factual predicate," § 2244(d)(1)(D) would not apply to Petitioner's § 2254.

**VII.   R&R DELAY**

Petitioner argues that because the R&R was not issued until twenty months after Respondent's Limited Answer, it favors a review on the merits. (Doc. 23 at 8.) Petitioner

does not state any case law as to how that effects the review of Petitioner's § 2254 Petition. Moreover, such "delay" would have no bearing on how the Petitioner's claims are reviewed.

### VIII. CERTIFICATE OF APPEALABILITY

Petitioner finally argues that the R&R is silent on the issuance or denial of a Certificate of Appealability ("COA"). (Doc. 23 at 10.) The magistrate does not determine whether a COA is appropriate, but for the reasons stated herein, pursuant to Rule 11(a) of the Rules governing § 2254 cases, in the event Petitioner files an appeal, the Court declines to issue a COA because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, IT IS ORDERED:

1. Magistrate Judge Kimmins's Report and Recommendation is ADOPTED. (Doc. 12.)
2. Marshall Neal Ray's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 1.)
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 1st day of October, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge